

**FILED**
**May 17, 2018**
**01:51 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT GRAY

| | | |
|---|---|---|
| Phillip Hall, | ) | Docket No. 2018-02-0063 |
| **Employee,** | ) | |
| v. | ) | |
| Life Care Center of Greeneville, | ) | State File No. 98623-2017 |
| **Employer,** | ) | |
| And | ) | |
| Old Republic Ins. Co., | ) | Judge Brian K. Addington |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER DENYING REQUESTED RELIEF
## (ON-THE-RECORD DETERMINATION)

---

Phillip Hall filed a Request for Expedited Hearing seeking additional medical benefits for his alleged December 2017 work-related accident at Life Care Center of Greeneville. The Court determined it would make an on-the-record determination rather than conduct an in-person evidentiary hearing after reviewing the file and holding it needed no additional information to determine whether Mr. Hall is likely to prevail at a hearing on the merits. The Court sent a docketing notice giving the parties fourteen calendar days to object to any of the contents of the record or to supplement it. Neither party responded to the docketing notice. The case now comes before the Court on May 17, 2018, on the issue of whether Mr. Hall is entitled to additional medical benefits. Because the medical evidence does not support his claim, the Court denies the requested relief.

### Claim History

Mr. Hall worked as a CNA at Life Care Center. He was the only African-American man working on day shift. Mr. Hall alleged that from the time he applied to be a CNA until he was forced to leave work on December 26, 2017, employees and management discriminated against or harassed him because of his race or gender. Some examples he provided were: performing a lengthy criminal background check; "male-bashing" by female employees; touching by female employees; and employees and

1

patients lying about him. These instances happened over a period of months. He alleged that when he complained to management, Life Care Center did not discipline the offenders and forced him to continue working with them. He reported that the discrimination and harassment caused him nausea and shaking. Upon his return to work on December 27, 2017, Life Care Center provided a panel of physicians from which Mr. Hall chose IndustriCare.

At IndustriCare, Mr. Hall complained of work-related anxiety and depression. The physician[1] took Mr. Hall off work for two consecutive days and suggested Mr. Hall and the other involved employees not work together. The physician also made a psychiatric referral. However, on the form the physician wrote "indeterminate" as to whether the injury was work-related.

Because of that notation, Life Care Centers did not authorize the psychiatric referral. Instead, it filed a Notice of Denial of Claim for Compensation and claimed Mr. Hall's injury did not arise from his employment or meet the definition of injury.

### Findings of Fact and Conclusions of Law

Mr. Hall need not prove every element of his claim by a preponderance of the evidence to obtain relief at an expedited hearing. Instead, he must present sufficient evidence that he is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2017); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Mr. Hall must show that he suffered an injury as defined in the Workers' Compensation Law. An "injury" means an injury by accident or mental injury "arising primarily out of and in the course and scope of employment[.]" Further, it must be shown to a reasonable degree of medical certainty that the employment contributed more than fifty percent in causing the need for medical treatment, considering all causes. *See generally* Tenn. Code Ann. § 50-6-102(14).

A mental injury is a "loss of mental faculties or a mental or behavior disorder, arising primarily out of a compensable injury or an identifiable work related event resulting in a sudden or unusual stimulus[.]" Tenn. Code Ann. § 50-6-102(17). Psychological or psychiatric treatment is limited to psychologists or psychiatrists referred by the panel physician. Tenn. Code Ann. § 50-6-204(h).

In cases involving sudden or unusual mental stimulus, the employee must prove (1) the mental injury stems from an identifiable stressful, work-related event producing a sudden mental stimulus, and (2) the event must be unusual compared to the ordinary

---

[1] It appears that the same physician saw Mr. Hall both days, but the Court could not read the signature.

stress of the employee's job. *Edwards v. Fred's Pharmacy,* 2018 Tenn. Wrk. Comp. App. Bd. LEXIS 9, at *7-8 (Feb. 14, 2018). Mr. Hall is seeking benefits for an alleged mental injury caused by gradually-occurring stress rather than a sudden or unusual stimulus. Additionally, he did not provide sufficient evidence to prove that his stress was unusual compared to the ordinary stress of a CNA.

Further, the only medical opinion regarding the work-relatedness of Mr. Hall's mental injury came from IndustriCare's authorized panel physician, whose opinion is presumed correct on the issue of causation. *See* Tenn. Code Ann. § 50-6-102(14)(E). In this case, when asked to determine causation, the physician wrote "indeterminate."

Although the authorized physician made a psychiatric referral, the physician did not relate the need for the referral to a specific work injury. The physician did not find Mr. Hall's injury primarily related to his work. The parties provided this sole physician's opinion to the Court; the Court is constrained to follow it. *See Lurz v. Int'l Paper Co.,* 2018 TN Wrk. Comp. App. Bd. LEXIS 8, at *16 (Feb. 14, 2018)("[J]udges are not well-suited to make independent medical determinations without expert medical testimony supporting such a determination."). Therefore, the Court holds Mr. Hall is not likely to prevail at a hearing on the merits regarding the requested medical benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Hall's request for additional medical benefits is denied at this time.

2. This matter is set for a Scheduling Hearing on July 27, 2018, at 11:00 a.m. Eastern. You must call toll-free at 855-543-5044 to participate in the Hearing. Failure to call may result in a determination of the issues without your participation.

**ENTERED May 17, 2018.**

**JUDGE BRIAN K. ADDINGTON**
**Court of Workers' Compensation Claims**

**APPENDIX**

The Court reviewed the following documents:

1. Petition for Benefit Determination
2. Final Dispute Certification Notice
3. Request for Expedited Hearing
4. Mr. Hall's Affidavit
5. Mr. Hall's December 18, 2017 Statement
6. Mr. Hall's March 7, 2018 Statement
7. Life Care Center's Response to the REH
8. Medical Records: IndustriCare
9. First Report of Injury
10. Panel of Physicians
11. Mr. Hall's recorded statement
12. Wage Statement

**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent to these recipients by the following methods of service on May 17, 2018.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Phillip Hall, Self-Represented Employee | X | | X | 112 S. Sunset Greeneville, TN 37743 Philliphallph.ph@gmail.com |
| Debra Fulton, Esq., Employer's Attorney | | | X | dfulton@fmsllp.com |

*Penny Shrum*

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

4



<u>Expedited Hearing Order Right to Appeal</u>:

       If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board.  To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence.  The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement.  All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**Filed Date Stamp Here**

**EXPEDITED HEARING NOTICE OF APPEAL**
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

RFA #: _____

Date of Injury: _____

SSN: _____

_____

**Employee**

_____

**Employer and Carrier**

**Notice**

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

**Statement of the Issues**
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

**Additional Information**
**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

**List of Parties**
**Appellant (Requesting Party):**_____At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)
**Appellee (Opposing Party):**_____At Hearing: ☐Employer ☐Employee

Appellee's Address: _____

Appellee's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20__.

[Signature of appellant or attorney for appellant]      _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____ , having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____

2. Address: _____

3. Telephone Number: _____

4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____  Relationship: _____

_____  Relationship: _____

_____  Relationship: _____

_____  Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

LB-1108 (REV 11/15)                                                                                    RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

    Groceries        $ _____ per month    Telephone    $ _____ per month

    Electricity       $ _____ per month    School Supplies $ _____ per month

    Water           $ _____ per month    Clothing      $ _____ per month

    Gas             $ _____ per month    Child Care    $ _____ per month

    Transportation  $ _____ per month    Child Support $ _____ per month

    Car             $_____ per month

    Other          $ _____ per month (describe: _____ )

10. Assets:

    Automobile           $ _____    (FMV) _____

    Checking/Savings Acct. $ _____

    House              $ _____    (FMV) _____

    Other              $ _____    Describe:_____

11. My debts are:

| Amount Owed | To Whom |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**


_____
APPELLANT


Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.


_____
NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                                                 RDA 11082